**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**RONALD SATISH EMRIT, *et al.*** **PLAINTIFFS**

**v.** **CIVIL ACTION NO. 3:26-CV-260-JHM**

**FORMER PRESIDENT BARACK HUSSEIN OBAMA, *et al.*** **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiffs Ronald Satish Emrit and the Presidential Committee/Political Action Committee filed this *pro se* civil action. Because Plaintiff is proceeding *in forma pauperis*, the Court must review this action pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court will dismiss this action.

**I.**

On April 10, 2026, Plaintiff, a resident of Maryland, filed suit against the following Defendants: Former President Barack Hussein Obama, Michelle Obama, Former President Joe Biden, Jill Biden, Hunter Biden, Ketanji Brown-Jackson, Former Prince Andrew of Windsors, and British Prime Minister Keir Starmer. Plaintiff states that he brings "forth this complaint for billion dollars for the commission of the torts of public nuisance and tortious interference with politics" against these Defendants. Plaintiff asserts the following claims:

> V.) COUNT ONE: DEFAMATION (LIBEL AND SLANDER)
>
> 27.) The plaintiff believes that the former president Barack Hussein Obama (BHO) is defaming the current president by appearing in interviews and podcasts when most former presidents try to stay out of the spotlight based on a sense of professional courtesy.
>
> VI.) COUNT TWO: PUBLIC NUISANCE
>
> 28.) President Barack Hussein Obama (BHO) has become a public nuisance by trying to remain relevant to the modem-day political conversation.

> VII.) COUNT THREE: INDUSTRIAL ESPIONAGE
>
> 29.) The plaintiff believes that companies which feature President Barack Hussein Obama (BHO) on their podcasts or through interviews are committing the tort of industrial espionage.
>
> VIII.) COUNT FOUR: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS/CONTRACTS
>
> 30.) The plaintiff believes that companies which feature President Barack Hussein Obama (BHO) on their channel's interviews and/or podcasts are committing the tortious interference with business relations/contacts under the Federal Tort Claims Act (FTCA).

[DN 1 at 5].

**II.**

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Review of the complaint reveals that Plaintiff has alleged no basis for venue being proper in the Western District of Kentucky. *See*, *e.g.*, *Presidential Candidate No. P60005535 v. Obama*, No. 1:26-CV-00082-SNLJ, 2026 WL 2168087, at *3 (E.D. Mo. July 28, 2026). Plaintiff's complaint contains no allegation that any Defendant resides in the Western District of Kentucky, that any event or omission occurred in the Western District of Kentucky, or that any Defendant is subject to personal jurisdiction in this Court.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer

such case to any district or division in which it could have been brought." While transfer of venue often occurs especially in *pro se* cases, courts in this circuit recognize that "sua sponte dismissals occur even in actions brought by pro se plaintiffs, who normally receive the benefit of liberal pleading construction." *Walton v. Jones*, 2:17-CV-13078-TGB, 2018 WL 4138926, at *2 (E.D. Mich. Aug. 29, 2018); *see also Blanton v. Greyhound Lines, Inc.*, No. 4:22-CV-P20-JHM, 2022 WL 1598345, at *3 (W.D. Ky. May 19, 2022).

Considering that Plaintiff has filed the exact same complaint in at least 12 other districts[1] and multiple district courts have dismissed this complaint as frivolous, the Court concludes that transferring this case will not promote judicial efficiency, judicial economy, or serve the interests of justice.

For the foregoing reasons, the Court will dismiss this case under 28 U.S.C. § 1406(a).

**III.**

The Court will enter a separate Order dismissing this action.

Date: August 25, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiffs, *pro se*
4414.014

---

[1] As noted by the court in *Emrit v. Obama*:

> Emrit is a well-documented serial pro se filer who, since approximately 2013, has used his IFP status to file hundreds of frivolous lawsuits all over the country. In this latest round of cases, Emrit has filed at least 11 other actions against these same defendants in other federal district courts alleging the same claims as in this case: 1. *Emrit v. Obama et al.*, No. 3:2026-cv-03083 (C.D. Ill.) (filed Mar. 11, 2026); 2. *Emrit v. Obama et al.*, No 1:2026-cv-00393, (N.D.N.Y.) (filed Mar. 12, 2026); 3. *Emrit v. Obama et al.*, No. 6:26-cv-00067 (E.D. Okla.) (filed Mar. 10, 2026); 4. *Emrit v. Obama et al.*, No. 5:26-cv-00154 (E.D.N.C.) (filed March 12, 2026); 5. *Emrit v. Obama et al.*, No. 2:26-cv-00207 (D. Utah) (filed Mar. 13, 2026); 6. *Emrit v. Obama et al.*, No. 1:26-cv-11216 (D. Mass.) (filed Mar. 10, 2026); 7. *Emrit v. Obama et al.*, No. 3:26-cv-03010 (D.S.D.) (filed Mar. 9, 2026); 8. *Emrit v. Obama et al.*, No. 3:26-cv-00106 (E.D. Tenn.) (filed Mar. 10, 2026); 9. *Emrit v. Obama et al.*, No. 1:26-cv-00065 (D.N.D.) (filed Mar. 9, 2026); 10. *Emrit v. Obama et al.*, No. 26-cv-00136 (N.D. Okla.) (filed Mar. 10, 2026); 11. *Emrit v. Obama et al.*, No. 3:26-cv-00110 (D. Alaska) (filed Mar. 10, 2026).

*Emrit v. Obama*, No. 26-1060-HLT-ADM, 2026 WL 1138752, at *1 (D. Kan. Mar. 23, 2026), *report and recommendation adopted*, 2026 WL 1135974 (D. Kan. Apr. 27, 2026).